ELLIS, Judge.
This suit involved the same question which was under consideration in the Succession of Brower v. State, La.App., 80 So. 2d 217, decided by the Second Circuit Court of Appeal in which writs were granted by the Supreme Court and the judgment of the Court of Appeal was reversed by the Supreme Court and a rehearing denied in 228 La. 785, 84 So.2d 191.
Counsel for plaintiffs in his brief has succintly stated the nature of the case and the issues therein and we quote:
“Plaintiffs are the surviving widow in community, testamentary executrix and legatees of the decedent Paul A. Moss, who died intestate in the Parish of Calcasieu on August 6, 1947. They seek by this proceeding to have the property of the estate declared free of inheritance taxes, and alternatively, to have the taxes, fixed. They contend that the inheritance taxes have prescribed under the provisions of Section 19 of Article 19 of the Constitution of the State of Louisiana for the year 1921 as amended. [LSA-Const.]
“The defense to the suit- is that the prescription plead by plaintiffs is not áppli- *330 cable because their testate’s succession was opened and the, executrix qualified and had never filed an account and had the taxes fixed at the time this proceeding was instituted, therefore, the prescription did not commence to run or would be suspended until the inheritance taxes were fixed.
.. “The matter was submitted to the Court on an agreed statement of fact, and the Trial Judge, for written reasons assigned, rejected the plaintiffs’ demands to have the property decreed free of inheritance taxes and rendered a judgment in favor of the Tax Collector and against the plaintiffs fixing the inheritance taxes in accordance with the stipulation of fact filed in the record.
“The plaintiffs filed an application for a new trial, or a rehearing, which was overruled, and have appealed suspensively from the judgment fixing and ordering the inheritance taxes paid.
“The only issue presented in this case is whether under the facts as agreed upon the inheritance taxes are prescribed under Section 19 of Article 19 of the Constitution of 1921 as amended. Under the agreed stipulation it was admitted:
“ T. The decedent Paul A. Moss died intestate in the Parish of Calca-sieu on August 6, 1947. That he left a Last Will and Testament in olo-graphic form in which plaintiff, Edna' Hodges Nash, formerly Edna Hodges Moss, was named testamentary executrix; that said testament was dated November 10, 1943, and was duly probated in the Fourteenth Judicial District Court, Parish of Calcasieu, on Au- • gust 11, 1947.
“ ‘2. That under the terms of said Will the testator Paul A. Moss made special legacies in favor of Corinne and Vivian Moss in the sum of $3,000.00 and the minor, Frederick William Bell, in the sum of $1000.00. The legatees Corinne and Vivian Moss being sisters of the whole blood of the testator and the other legatee, Frederick William ■Bell, being a nephew of the testator, born issue of the marriage of his sister, Bernice Moss Bell and A. J. Bell; and petitioner, Edna Hodges Nash, testator’s surviving widow was bequeathed all of the remainder of his estate.
“ ‘3. That plaintiff, Edna Hodges Nash, qualified as testamentary executrix and letters testamentary issued to her on August 26, 1947, and that on October 3, 1947, an inventory of said estate was made and filed herein showing the total appraised value of the community property acquired by the decedent and the plaintiff, Edna Hodges Nash, to have been $36,600.00 and that the decedent’s half interest was $18,-300.00 and that the principal value of the succession was 142 shares of the capital stock of Charleston Storage Garage, Inc., which was appraised at $250.00 per share.
“ ‘4. That on October 3, 1947, Edna Hodges Nash, formerly Edna Hodges Moss, petitioned the court and obtained an order to advance to said estate the sum of $853.34 out of her personal money to pay funeral, hospital and burial expenses and two other sundry items owed by decedent, all of which amounted to $853.34, and that she be a creditor of said succession to that amount.
“ ‘5. That that was the last order or proceeding had in said succession.
“ ‘6. That the special legacies in favor of Corinne and Vivian Moss and Frederick William Bell have never been paid.
“ ‘7. That at the time of the testator’s death the Charleston Storage Garage, Inc., owed the Great Southern Life Insurance Company the sum of $20,863.50, which sum was secured by a conventional mortgage on all of the properties and lands of the Charleston Storage Garage, Inc., and that all of the income from the operation of the Charleston Storage Garage, Inc. has gone to pay the operating expenses of *331 said business and to liquidate and pay the mortgage due to The Great Southern Life Insurance Company, and no stock dividend has been declared by said corporation.
“ ‘8. That the mortgage due The Great Southern Life Insurance Company has been fully paid but that in order to pay the special legacies due Corinne and Vivian Moss and the minor, Frederick William Bell, the executrix will have to borrow the sums on her own account.
“ ‘9. That if the taxes are not prescribed under the three year period of prescription relied upon by the plaintiffs, then the amounts set forth in the petition for the rule are correct, as well as the penalties computed.’ ”
“After this suit was filed and tried in the District Court, but before the District Judge rendered a decision, the Court of Appeal, Second Circuit, rendered a decision in the case of Succession of Brower v. State, La.App., 80 So.2d 217, wherein it was held that where the inheritance taxes were not fixed by a judgment of Court within three years from the 31st day of December in the year in which they were due they were prescribed and barred by the constitutional prescription. The same grounds were urged in that case as in the case at bar for freeing the property of inheritance taxes and the same defenses were made. The Supreme Court granted a writ of certiorari to the Court of Appeal, Second Circuit, in the Brower case and on November 7, 1955, rendered a decision reversing the judgment of the Court of Appeal, Second Circuit, and overruling the plea of prescription. 228 La. 785, 84 So.2d 191. An application for a rehearing has been filed in the Brower case and is now pending in the Supreme Court and if the Court does not grant a rehearing in that case and reverse its former decree and affirm the judgment of the Court of Appeal, Second Circuit, then that case will be controlling here because the Court held in that case that the taxes were not due until they were fixed by a judgment of the District Court and hence the prescription did not commence to run until that time. * * * ”
As previously stated, the Supreme Court has denied a rehearing in the Brower case and it is now final.
For these reasons the judgment of the' District Court is hereby affirmed.